# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Everett Frazier,**
**Commissioner of the West Virginia Division of Motor Vehicles,**
**Respondent Below, Petitioner**

**vs.) No. 20-0337** (Kanawha County 19-AA-149)

**Delilah Smith,**
**Petitioner Below, Respondent**

**FILED**

**January 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Everett Frazier, Commissioner of the West Virginia Division of Motor Vehicles, by counsel Jason D. Nicholas, appeals the order of the Circuit Court of Kanawha County, entered on March 20, 2020, reversing the order of the Office of Administrative Hearings and restoring the driving privileges of respondent Delilah Smith. Respondent appears by counsel Paul S. Detch.

The Court has considered the parties' briefs and record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed, and this case is remanded to the circuit court for entry of an order consistent with this decision.

On August 14, 2016, respondent was proceeding south on Fort Spring Road near Lewisburg, Greenbrier County, West Virginia, with her nineteen-month-old child as a passenger in the back seat. Ms. Smith claims that the child dropped its bottle, and she overcorrected the vehicle when she attempted to recover the bottle from the back seat.

At that same time, Corporal T.C. Webber of the Greenbrier County Sheriff's Department, the investigating officer in this matter, responded to a be on the lookout alert ("BOLO") from the Greenbrier 911 Center in reference to an intoxicated female with a child. Corporal Webber was advised that the female got into a silver car and left the Kroger parking lot, turning left onto U.S. 219 North. Corporal W.K. Nester, also of the Greenbrier County Sheriff's Department, pulled behind the vehicle and radioed that the driver was not in control of the vehicle and had nearly struck another vehicle traveling in the opposite direction. Corporal Nester initiated a traffic stop of the vehicle, and Corporal Webber arrived shortly thereafter.

1

Upon contact with Ms. Smith, Corporal Webber noted that she had very weak and slow speech, appeared confused, and had droopy eyelids. When Corporal Webber asked respondent if she had taken any medications or drugs, Ms. Smith informed him that she had taken a Klonopin, a medication she had been prescribed, about an hour prior to the traffic stop. Corporal Webber asked Ms. Smith to submit to field sobriety tests, and he observed indicia of impairment during those tests. Based upon his observations and Ms. Smith's admission of taking a controlled substance, Corporal Webber had reasonable grounds to believe that Ms. Smith was driving under the influence of drugs or controlled substances ("DUI"), and he transported her to the station for further processing.

On August 29, 2016, the Division of Motor Vehicles ("DMV") sent Ms. Smith an order of revocation for operating a motor vehicle while under the influence of controlled substances or drugs and having a child under the age of sixteen years in the vehicle. On September 22, 2016, the Office of Administrative Hearings ("OAH") received Ms. Smith's request for an administrative hearing; it ultimately held administrative hearings on December 15, 2017, and February 22, 2018. However, Corporal Webber did not appear at the hearings.

At the OAH hearing on December 15, 2017, the DMV submitted its file without objection. Also, Ms. Smith presented testimony from her treating physician, Dr. Marilyn Glaser, who testified that Klonopin[1] could cause impairment. Further, she testified that while the indicia observed by the investigating officer matched the side effects of Klonopin, which she had prescribed to Ms. Smith, Dr. Glaser did not feel that the dosage Ms. Smith was prescribed would impair her driving, if the medication was taken as directed. Ms. Smith testified at a later hearing that she had taken Klonopin on the date of the traffic stop, she was operating a motor vehicle, and that she swerved prior to the stop. Ms. Smith did not present any evidence disputing the investigating officer's observations of indicia of impairment during the administration of the field sobriety tests.

On September 30, 2019, the OAH entered a final order upholding the Commissioner's Order of Revocation, concluding that Ms. Smith "drove a motor vehicle in this State while under the influence of a controlled substance[] or drugs and did have a child under the age of sixteen years in the motor vehicle on August 14, 2016," in violation of West Virginia Code § 17C-5-2. The OAH specifically noted that "[t]he investigating officer observed [respondent] to have droopy eyelids, bloodshot watery eyes and eyelid tremors, she was also confused. The Investigating Officer noted [respondent] was unsteady while exiting her vehicle, while walking and while standing. [Respondent] admitted to taking medication, Klonopin, approximately an hour prior to the traffic stop."

Ms. Smith filed an appeal of the OAH decision in the Circuit Court of Kanawha County on October 29, 2019, seeking to vacate the order that suspended Ms. Smith's license. An order entered on February 5, 2020, noted that the circuit court heard testimony from Ms. Smith that the loss of her license constituted an inconvenience and hardship. Thus, the circuit court temporarily reinstated Ms. Smith's license until the Court had an opportunity to review the full record and rule on the revocation. On March 20, 2020, the circuit court entered its final order reversing the order of revocation. The circuit court's order provided that:

---

[1] Klonopin is a Schedule IV Controlled Substance.

2

Both sides presented oral arguments and response[,] and the petitioner took the stand and under oath presented complete testimony and cross examination at the preliminary injunction (stay hearing)[.]

The Court having reviewed the respective briefs by both parties doth ADJUDGE, ORDER and DECREE that the State of West Virginia has failed to establish that Delilah Smith, the petitioner herein, was driving her motor vehicle while in an impaired state, in violation of the law. The Court specifically finds that the testimony offered by Delilah Smith and Dr. Marilyn Glaser was the only credible testimony that was offered at the previous hearing. The State of West Virginia specifically failed to establish that the evidence in the DUI Information Sheet was trustworthy.

On April 30, 2020, petitioner filed this appeal challenging the circuit court's ruling and raising four assignments of error. First, petitioner alleged that the circuit court erred in substituting its judgment for that of the OAH Hearing Examiner, where there was evidence in the record to support the findings of the hearing examiner. Next, petitioner argued that the circuit court erred in determining that there was insufficient evidence presented that Ms. Smith operated a motor vehicle while under the influence with a minor child in the vehicle based on the circuit court's improper substitution of its judgment in place of the hearing examiner's factual findings. Further, petitioner noted the circuit court erred in determining that the DUI information sheet was not trustworthy because there was no testimony presented to support it. Finally, petitioner asserted that the circuit court erred in showing a preference for live testimony over documentary evidence.

We recently reviewed a similar appeal from the DMV and reiterated the standard of review to govern this matter.

> "On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong." Syl. Pt. 1, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996).

> "In cases where the circuit court has [reversed] the result before the administrative agency, this Court reviews the final order of the circuit court and the ultimate disposition by it of an administrative law case under an abuse of discretion standard and reviews questions of law *de novo*." Syl. Pt. 2, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996).

Syl. Pts. 1 and 2, *Frazier v. Fouch*, No. 19-0350 (W. Va. Nov. 6, 2020). Guided by this standard, we review petitioner's arguments.

In the first two assignments of error, petitioner argues that the circuit court erred by substituting its judgment for that of the OAH Hearing Examiner. Respondent maintains that there was no competent evidence in the record to support the hearing examiner's findings, the DMV

failed to meet its burden pursuant to West Virginia Code § 17C-5C-4(d), and the record reflects that the DMV offered no testimony to support its contention that the DUI information sheet was "trustworthy." For the reasons addressed below, we agree with petitioner.

We have long held that the circuit court must give deference to the administrative law judge's factual findings and credibility determinations.

> "Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo." Syllabus point 1, in part, *Cahill v. Mercer County Board of Education*, 208 W. Va. 177, 539 S.E.2d 437 (2000).

Syl. Pt. 4, *Frazier v. S.P.*, 242 W. Va. 657, 838 S.E.2d 741 (2020).

Based upon our review of the record, it does not appear that the circuit court herein gave deference to the factual findings rendered by the administrative law judge. Moreover, the circuit court's order reflects that the circuit court ignored the credibility determinations made by the administrative law judge.

Additionally, the circuit court's order suggests that the circuit court discounted or questioned the evidentiary value of the DUI information sheet when it found that petitioner failed to establish that the evidence was "trustworthy." To the extent that the circuit court's finding is based upon the fact that the investigating officer did not appear or testify before the OAH, this is in error.

In syllabus point 3 of *Fouch* we found that *Crouch v. West Virginia. Division of Motor Vehicles,* 219 W. Va. 70, 631 S.E.2d 628 (2006), remained binding precedent on this Court:

> "In an administrative hearing conducted by the Division of Motor Vehicles, a statement of an arresting officer, as described in W. Va. Code § 17C-5A-1(b) (2004) (Repl. Vol. 2004), that is in the possession of the Division and is offered into evidence on behalf of the Division, is admissible pursuant to W. Va. Code § 29A-5-2(b) (1964) (Repl. Vol. 2002)." Syl. Pt. 3, *Crouch v. W. Va. Div. of Motor Vehicles,* 219 W. Va. 70, 631 S.E.2d 628 (2006).

In *Fouch*, we also extensively discussed several recent memorandum decisions from this Court that addressed the admission of the DMV file at the administrative hearing where the investigating officer did not testify.

> This Court noted in a recent decision that "[i]t is well-settled that the DMV file is to be accepted into evidence at a hearing before the OAH." *Frazier v. Condia*, No. 19-0465, 2020 WL 4355713, at *2 (W. Va. July 30, 2020)(memorandum

decision). The Court in *Condia* recognized the mandatory direction contained in W. Va. Code § 29A-5-2(b) that "[a]ll evidence, including papers, records, agency staff memoranda and documents in the possession of the agency, of which it desires to avail itself, *shall be offered and made a part of the record in the case*[.]" (Emphasis added). Further, the Court explained that the creation of the OAH in 2010 did not change the mandatory direction that the DMV's file *shall* be offered and made part of the record:

> We have repeatedly reminded litigants that this premise continues to hold true, though the agency in possession of the administrative file is no longer responsible for conducting the administrative hearing. *See* W. Va. Code § 17C-5C-5(a) (Repl. Vol. 2013) (2010) (recognizing the "transition of the administrative hearing process from the Division of Motor Vehicles to the Office of Administrative Hearings"). In 2010, "[t]he Office of Administrative Hearings [was] created as a separate operating agency within the Department of Transportation." W. Va. Code § 17C-5C-1(a) (2010) (Repl. Vol. 2013).

*Id.* at *2.

In another recent decision, *Frazier v. Riddel*, No. 19-0197, 2020 WL 4355641 (W. Va. July 30, 2020)(memorandum decision), the Court considered an appeal of a circuit court's order that was nearly identical to the order on appeal in this matter. As in the present matter, the circuit court in *Riddel* determined that syllabus point three of *Crouch* "is inapplicable as this case concerns a modern administrative review hearing before the OAH, and not the DMV." Additionally, the circuit court's order in *Riddel* concluded that the DMV "is not entitled to have [its] file made part of the administrative record without introducing documentary evidence through an appropriate witness." *Id.* at *2. The Court rejected the circuit court's analysis in *Riddel*, stating:

> The circuit court opined that the creation of the independent OAH in 2010, which divested the DMV of its responsibility to conduct administrative hearings, created a "modern administrative review hearing" process that rendered our prior syllabus points interpreting this statute null. *See* Syl. Pt. 3, *Crouch v. W. Va. Div. of Motor Vehicles*, 219 W. Va. 70, 631 S.E.2d 628 (2006) ("In an administrative hearing conducted by the Division of Motor Vehicles, a statement of an arresting officer, . . . that is in the possession of the Division and is offered into evidence on behalf of the Division, is admissible pursuant to W. Va. Code § 29A-5-2(b) (1964) (Repl. Vol. 2002)."). *We have, however, continued to uphold this legislative requirement in the decade since the OAH began.*

*Id.* at *3 (Emphasis added, footnote omitted).

*Fouch*, slip op. at 9-12.

5

Based upon *Fouch*, it is clear that in the instant matter the OAH appropriately admitted the DMV file and the DUI information sheet into evidence without testimony from the responding officer. To the extent the circuit court found that the DUI information sheet was not "trustworthy" because the officer did not testify at the OAH hearing, this finding is at odds with our ruling in *Fouch.*

Finally, petitioner argues that the circuit court erred in improperly showing a clear preference for live testimony over documentary evidence. Consistent with petitioner's brief, this Court has discussed this preference and has noted that "[o]ur law recognizes no such distinction in the context of drivers' license revocation proceedings." *Groves v. Cicchirillo*, 225 W. Va. 474, 481, 694 S.E.2d 639, 646 (2008). Inasmuch as the DUI information sheet was properly admitted, it was improper for the circuit court to show a preference for live testimony over this documentary evidence.

For the foregoing reasons, the circuit court's March 20, 2020, order is hereby reversed, and the case is remanded for entry of an order consistent with this decision.

Reversed and remanded.

**ISSUED:** January 20, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton